The opinion of the Court was delivered by
Rxchaedson, J.
I need not narrate the evidence to show that the plaintiff colluded with John Brown, to cover his property from his creditors. It was abundant and satisfactory. But as none but creditors or purchasers could take advantage of the fraudulent conveyance made to the plaintiff of all Brown’s personal property, it became necessary to show that the sheriff was the lawfully authorized agent of the creditors. To prove that he was, the writ of attachment was given in evidence. A witness swore he believed John Brown was within the State at the time the attachment issued. And the sole question is, does the attachment justify the sheriff, though Brown may have been within the State ? There can be no doubt, but that upon full proof of the fact, the attachment may be set aside upon the motion of the proper party;[1] but until it be actually set aside, the officer of the Court must obey its formal mandate, though it may have been issued by mistake. This officer is ministerial, and his duty being written in the precept, he can have no discretion upon that point.
The distinction is between a void and a voidable writ.[2] The former is a nullity, and can afford no justification. The latter is valid, and enforces obedience, until actually set aside by extrinsic testimony, and, until then, must be obeyed. See 6 Bac. 692. 12 Mod. 178-9. 2 Jones, 114. Whom would you *move to set it aside ? The judge, and not . „ the jury, surely ; unless some issue of fact were made up for the *- express purpose ; and then the judge must decide the motion upon the fact found by the jury. The judge always decides upon the process, and the manner of it.
Suppose, for the purpose of the present suit, the jury had considered the attachment a nullity, and had taken the negroes from the sheriff, and then the plaintiff in attachment had gone on, and still obtained a verdict on the writ of attachment, which assuredly he might still do, being no party to the present action, and which might well happen, as it could not appear on record that the former jury held it void by their verdict in a different case, nor could we adjudicate their interest in this action, what *500 an inconsistency must then follow; the latter verdict would require the sheriff to produce the negroes, while the former would already have taken them from him.
M’Duffie, for the motion. Gist, contra.
The sheriff is justified by a writ good upon its face, till the plaintiff shows his right of property, and in this he has failed.
The motion, is refused.
Colcook, Nott, Gantt and Johnson, JJ., concurred.

 2 Bail. 265 ; 1 Sp. 427.

 2 Strob. 220; 6 Rich.. 492; 4 Strob. 292.